**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. MJ-17-0341-TUC-BGM |
| Plaintiff, | |
| v. | **ORDER** |
| Scott Daniel Warren, | |
| Defendant. | |

Currently pending before the Court is Defendant Scott Daniel Warren's Motion to Compel Discovery Responses (Doc. 23). The Government has filed its response, and Defendant has replied. Govt.'s Response in Opp. to Def.'s Mot. to Compel (Doc. 26); Def.'s Reply Br. In Support of Mot. to Compel Disc. Responses (Doc. 27). Defendant Scott Daniel Warren is charged with one (1) count of operating a motor vehicle in a wilderness area, and one (1) count of abandoning property in a national wildlife refuge. Information (Doc. 1).

On April 17, 2018, oral argument was held before Magistrate Judge Macdonald regarding the motion. Minute Entry 4/17/2018 (Doc. 28). The Court took the matter under advisement, and it is ripe for adjudication.

. . .

. . .

. . .

## I. FACTUAL BACKGROUND

On June 1, 2017 Federal Wildlife Officer ("FWO") J. Valenzuela observed a vehicle parked approximately 2.32 miles into the wilderness in an area called Charlie Bell Pass of the Cabeza Prieta National Wildlife Refuge. Govt.'s Aff. (Doc. 6) at 2.[1] At approximately 1:45 p.m. on the same date, FWO Valenzuela observed two vehicles parked at the top of the Charlie Bell Pass. *Id.* These included a red ford pickup with green cates in its bed and a permit on the dashboard, and a grey sports utility vehicle ("SUV") with green crates next to the driver's door. *Id.* After documenting both vehicles, FWO Valenzuela observed vehicle tire tracks in the designated wilderness area, beyond Fish and Wildlife Service signs instructing the public not to operate vehicles beyond that point. *Id.* These tracks were not consistent with those of United States Border Patrol or United States Fish and Wildlife Service law enforcement vehicles. *Id.*

FWO Valenzuela continued into the pass until he reached the Charlie Bell Windmill, and observed multiple one gallon water jugs, canned food, and green milk crates containing food and toiletry items. Govt.'s Aff. (Doc. 6) at 3. FWO Valenzuela also observed the tire tracks continuing on the Charlie Bell Pass road to the west. *Id.* FWO Valenzuela documented and photographed the items at the well. *Id.*

FWO Valenzuela continued west, and approximately 2.32 miles west of the wilderness entrance, he observed a white, 1999 Dodge pickup truck, Arizona CH76200 parked off the roadway. *Id.* While documenting the vehicle and its coordinates, FWO observed Defendant Scott Daniel Warren and three (3) other individuals walking back to the 1999 Dodge pickup. *Id.* FWO Valenzuela conducted a field interview of the individuals, during which Defendant Warren stated that he was the driver of the 1999 Dodge pickup, and that he did not know he was operating the vehicle in the wilderness nor had he seen any of the signs stating that unauthorized vehicles were prohibited. Govt.'s Aff. (Doc. 6) at 3. FWO Valenzuela instructed Defendant to vacate the area using the same route upon which he had entered. *Id.* While leaving, Defendant backed

---

[1] The Court references the Electronic Case Filing page numbers for its pinpoint citations.

over desert vegetation with the rear truck tires. *Id.*

## II. ANALYSIS

Defendant seeks an order compelling the Government to provide discovery that he alleges is essential to his defense. Def.'s Mot. to Compel (Doc. 23) at 4. Defendant asserts that under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-1, his "conduct does not fall under the prohibition of the regulations[.]" *Id.*

### *A. Federal Rules of Criminal Procedure 16*

Rule 16, Federal Rules of Criminal Procedure provides, "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). "Materiality is a necessary prerequisite to discovery." *United States v. USDC, Central Dist. of Cal., Los Angeles, Cal.*, 717 F.2d 478, 480 (9th Cir. 1983) (citations omitted). "Materiality is a 'low threshold; it is satisfied so long as the information ... would have helped' to prepare a defense. *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (quoting *United States v. Hernandez–Meza*, 720 F.3d 760, 768 (9th Cir. 2013)). However, "[m]ateriality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would . . enable[] the defendant significantly to alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (citations omitted). "An abstract logical relationship to the issues in the case is not, however, sufficient to force the production of discovery under rule 16." *United States v. George*, 786 F.Supp. 56, 58 (D.D.C. 1992) (quotations and citations omitted). "The documents at issue must play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal." *Id.* (quotations and

citations omitted).

### B. Religious Freedom Restoration Act ("RFRA")

"RFRA supplies a rule of decision in cases where a person finds himself in the unfortunate position of needing to choose between following his faith and following the law." *United States v. Christie*, 825 F.3d 1048, 1055 (9th Cir. 2016). "The mere fact that [a person's] religious practice is [substantially] burdened by a governmental program does not mean that an exemption accommodating his practice must be granted." *Id.* (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 718, 101 S.Ct. 1425, 67 L.Ed.2d 625 (1981)) (alterations in original). In order for a RFRA defense to prevail, defendants must "demonstrate that the beliefs they espouse are actually religious in nature (rather than philosophical or political, for example); that they sincerely hold those beliefs, and do not simply recite them for the purpose of draping religious garb over [political] activity[.]" *Christie*, 825 F.3d at 1056. Upon such a showing, "the government must demonstrate that forcing the religious objector to comply with the law is both 'in furtherance of a compelling governmental interest' and is 'the least restrictive means of furthering that compelling governmental interest.'" *Id.* at 1055 (citing 42 U.SC. §2000bb-1(b) & (c)).

### C. Discovery Sought

Defendant seeks discovery of the following:

1) A list of all permits issued for the Cabeza Prieta National Wildlife Refuge for 2016, 2017, and 2018;

2) All records of visitors to the Cabeza Prieta National Wildlife Refuge in 2016, 2017, and 2018;

3) A list of all hunting tags issued for the Cabeza Prieta National Wildlife Refuge is 2016, 2017, and 2018;

4) A list of individuals and/or organizations who have been permitted to drive on administrative roads in the Cabeza Prieta National Wildlife Refuge in 2016, 2017, or 2018; and

5) Any and all written criteria regarding the issuance of permits to drive on

administrative roads, including but not limited to, manuals, directives, and supplements. Def.'s Mot. to Compel (Doc. 23) at 3.

As an initial matter, it is undisputed that Defendant received a permit to enter the refuge; however, he is charged with exceeding the scope of that permit. The evidence before the Court indicates that Defendant did not attempt to obtain a special use permit to drive on the limited access, administrative roads. As such, there was no denial based upon any purported religious belief.

Moreover, denial of vehicle access by Defendant to portions of the Cabeza Prieta National Wildlife Refuge does not "affirmatively compel[] [the Defendant], under threat of criminal sanction, to perform acts undeniably at odds with fundamental tenets of [his] religious beliefs." *Wisconsin v. Yoder*, 406 U.S. 205, 218, 92 S.Ct. 1526, 1534 (32 L.Ed.2d 15 (1972) (citations omitted). Nor does the restriction prevent Defendant from receiving a governmental benefit. *See Navajo Nation v. United States Forest Service*, 535 F.3d 1058, 1070 (9th Cir. 2008) (citing *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963)). As such, Defendant has failed to demonstrate that the information sought is material to his defense.

### III. CONCLUSION

Based upon the foregoing, the Court finds Defendant's Motion to Compel Discovery Responses (Doc. 23) is without merit. Accordingly, IT IS HEREBY ORDERED that Defendant's motion (Doc. 23) is DENIED.

Dated this 29th day of May, 2018.

Honorable Bruce G. Macdonald
United States Magistrate Judge