1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. MJ-17-0341-TUC-BGM |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Scott Daniel Warren, | |
| Defendant. | |

Currently pending before the Court is Defendant Scott Daniel Warren's Second Motion to Compel Discovery Responses (Doc. 34). The Government has filed its response, and Defendant has replied. Govt.'s Response to Def.'s 2d Mot. to Compel Discovery Responses (Doc. 37); Def.'s Reply Br. In Support of 2d Mot. to Compel Disc. Responses (Doc. 38). Defendant Scott Daniel Warren is charged with one (1) count of operating a motor vehicle in a wilderness area, and one (1) count of abandoning property in a national wildlife refuge. Information (Doc. 1).

On June 28, 2018, oral argument was held before Magistrate Judge Macdonald regarding the motion. Minute Entry 6/28/2018 (Doc. 39). The Court took the matter under advisement, and it is ripe for adjudication.

. . .

. . .

. . .

## I. FACTUAL BACKGROUND

In its May 29, 2018 Order (Doc. 35) regarding Defendant's initial Motion to Compel Discovery Responses, the Court outlined the factual background. As such, the Court finds it unnecessary to reiterate those facts here.

## II. ANALYSIS

Defendant seeks an order compelling the Government to provide discovery that he alleges is essential to his defense. *See* Def.'s 2d Mot. to Compel (Doc. 34). Currently, Defendant seeks disclosure of (1) "notes, minutes, agendas and other documents pertaining to any meetings between representatives of the U.S. government . . . and representatives of No More Deaths from 2014 to the present, [] includ[ing] documents pertaining to a 2015 meeting between Margo Cowan, Larry Lee, and land managers in the Tucson region"; (2) "[a]ll correspondence, including text messages, between government agents, including Border Patrol and the Fish and Wildlife Service, referencing No More Deaths volunteers, along with the identities of the senders and receivers of any such correspondence"; and (3) "[a]ny and all documents pertaining to the revision of the Cabeza Prieta National Wildlife Refuge permit application that occurred in 2017 or 2018." Def.'s 2d Mot. to Compel (Doc. 34) at 2–3. Defendant asserts he is entitled to such information based upon Rule 16, Federal Rules of Criminal Procedure. *See id.*

### A. *Federal Rules of Criminal Procedure 16*

Rule 16, Federal Rules of Criminal Procedure, provides: "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). "Materiality is a necessary prerequisite to discovery." *United States v. USDC, Central Dist. of Cal., Los Angeles, Cal.*, 717 F.2d 478, 480 (9th

Cir. 1983) (citations omitted). "Materiality is a 'low threshold; it is satisfied so long as the information ... would have helped' to prepare a defense. *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (quoting *United States v. Hernandez–Meza*, 720 F.3d 760, 768 (9th Cir. 2013)). However, "[m]ateriality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would . . enable[] the defendant significantly to alter the quantum of proof in his favor." *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991) (citations omitted). "An abstract logical relationship to the issues in the case is not, however, sufficient to force the production of discovery under rule 16." *United States v. George*, 786 F.Supp. 56, 58 (D.D.C. 1992) (quotations and citations omitted). "The documents at issue must play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal." *Id.* (quotations and citations omitted).

### *B. Meeting Notes, Minutes, and Agendas*

"Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law." *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (citations omitted). "In order to establish entrapment by estoppel, a defendant must show that (1) an authorized government official, empowered to render the claimed erroneous advice, . . . (2) who has been made aware of all the relevant historical facts, . . . (3) affirmatively told him the proscribed conduct was permissible, . . . (4) that he relied on the false information, . . . and (5) that his reliance was reasonable." *Id.* (quotations and citations omitted).

Defendant asserts that the Government has previously "produced a document dated April 28, 2017 that appears to be notes from a meeting between Sid Slone and Mary Kralovec, CPNWR personnel, and four representatives of No More Deaths[,] . . . [which] describes a conversation about the use of administrative roads by No More Deaths to carry out their humanitarian work." Def.'s 2d Mot. to Compel Discovery

- 3 -

Responses (Doc. 34) at 5. Defendant further asserts that "[t]he document also states that one of the No More Deaths representatives 'stated that she had met 2 years ago with Larry Lee (DOJ Assistant U.S. Attorney (AUSA)) and the various land managers in the Tucson region to talk about the missions of NMD and the land managers and work through a method where NMD could complete their mission on public lands." *Id.* The Government argues that "[t]he defendant has failed to allege or show any facts having any tendency to support his claim of entrapment by estoppel." Govt.'s Response (Doc. 37) at 5. The Government further asserts that Defendant "has failed to allege that he personally relied on any of the statements made at those meetings." *Id.* As such, the Government asserts that any such meeting notes are immaterial. *Id.* at 5–6.

The Court finds that Defendant's vague assertion that because there were meetings between members of No More Deaths and various governmental representatives, he was acting under a belief that his permit violation was legal, insufficient to support the discovery he seeks. Defendant has failed to put forth any facts to support his contention that a government agent informed No More Deaths that any actions violating their permits would be legal. As such, the information sought is not material to his defense.

### C. *Text Messages*

At the time of the hearing, the Court directed the Government to disclose all text messages that have been previously disclosed in both Defendant's felony case, as well as the currently pending *United States v. Deighan*, Case No. MJ-17-0340-TUC-BGM. This disclosure may be subject to a protective order; however, the parties are directed to finalize the scope of any such order.

To the extent that there may be additional undisclosed text messages, the Court finds that the Defendant has not met his burden to demonstrate materiality of the same. "To obtain discovery on a selective prosecution claim the defendant must first identify specific facts that establish a 'colorable' basis for both elements of the claim."[1] *United*

---

[1] "To succeed on a selective prosecution claim, the defendant bears the burden of showing both 'that others similarly situated have not been prosecuted and [also] that the prosecution is based on an impermissible motive.'" *United States v. Bourgeois*, 964 F.2d 935,

*States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992). Defendant has not made any showing that "other similarly situated have not been prosecuted[.]" *Id.* Moreover, Fish and Wildlife personnel do not decide whether or not to prosecute particular individuals; that decision is left to the United States Attorney's Office. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his [or her] discretion." *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978)). Furthermore, "the decision to prosecute is particularly ill-suited to judicial review." *Id.* As such, Defendant's request will be denied.

### D. *Permit Revision*

Defendant seeks "documents pertaining to a revision to the CPNWR permit application." Def.'s 2d Mot. to Compel Discovery Responses (Doc. 34) at 9. Defendant speculates that "such documents are likely to reflect the government's views concerning whether the previous permit—the one issued to Dr. Warren—was sufficiently specific to clearly prohibit the conduct No More Deaths volunteers were known to engage in." *Id.* at 10. Defendant suggests that this information is relevant to his entrapment by estoppel defense. *Id.*

Defendant's mere speculation is insufficient to support his discovery request. Moreover, the Government's revision of the permit application bears no relationship to Defendant's assertion that he was acting under a belief that the alleged violation of his previously issued permit was legal. As such, Defendant's request will be denied.

### III. CONCLUSION

Based upon the foregoing, the Court finds it appropriate Defendant's Second Motion to Compel Discovery Responses (Doc. 34) for the Government to disclose the

---

938 (9th Cir. 1992).

text messages disclosed in Defendant's felony case, as well as the *Deighan* matter; however, the remainder of Defendant's requests will be denied. Accordingly, IT IS HEREBY ORDERED that Defendant's motion (Doc. 34) is GRANTED in part and DENIED in part.

Dated this 19th day of July, 2018.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge