Gregory J. Kuykendall, Bar # 012508
Amy P. Knight, Bar # 031374
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com
amyknight@kuykendall-law.com

*Pro Bono* Attorneys for Defendant Scott Daniel Warren

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) No. 17-mj-00341 |
| vs. | ) **MOTION TO COMPEL** |
| | ) **DISCOVERY RESPONSES** |
| SCOTT DANIEL WARREN, | ) |
| Defendant. | ) |

The defendant, Dr. Scott Warren, by and through his undersigned attorneys, hereby respectfully requests this Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, to order the government to provide adequate responses to Defendant's Fourth Discovery Requests. This motion is supported by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

1

Dr. Scott Warren stands charged in a two-count information alleging operation of a motor vehicle in a wilderness area and abandonment of property, both alleged to have occurred in the Cabeza Prieta National Wildlife Refuge, a remote desert area that extends to the US-Mexico border. Dr. Warren volunteers with the humanitarian organization No More Deaths, which works to end death and suffering on the border by, among other things, conducting search and rescue/recovery operations, and placing emergency water and food in the desert for imperiled travelers. The humanitarian crisis they address is well-documented. According to the nonprofit Humane Borders, which works closely with the Pima County Office of the Medical Examiner to track and report migrant deaths, in Arizona alone, 169 sets of human remains were recovered from the desert in the border region in 2016, 128 in 2017, and 127 in 2018; the vast majority are unidentified. *See* Arizona OpenGIS Initiative for Deceased Migrants, http://www.humaneborders.info/app/map.asp. And these are only the known deaths. Migrants also die without being recorded; Border Patrol agents and humanitarian groups continue to find human remains in remote desert areas, some of which have been there a long time.

On January 18, 2019, Dr. Warren submitted to the government Defendant's Fourth Discovery Requests, seeking a very specific, circumscribed set of information: "Any and all data, reports, correspondence, or other documents concerning the activation of the rescue beacons in Cabeza Prieta and any response, or lack thereof, including response times and results, for the years 2014-2018." *See*

Exhibit 1. The government responded on January 21, 2019: "As it stands right now, the disclosure request is overly broad, not related to a legal defense, based on speculation, irrelevant and/or does not otherwise implicate the government's disclosure obligations. Therefore, the government will not disclose the requested items, if they exist, at this time." *See* Exhibit 2.

**ARGUMENT**

**I.    The Rule 16 "Materiality" Standard**

Federal Rule of Criminal Procedure 16(a)(1)(E) requires that, upon a defendant's request, the government must "disclose any documents or other objects within its possession, custody or control" that are "material to preparing the defense." Notably, this standard does *not* require that the discovery be related to a particular identified affirmative defense, or to a defense that has already been asserted in pretrial litigation. Sometimes, the defense team may not be able to fully identify every possible angle for defending the case without some additional disclosure; the rule thus provides for disclosure broadly material to "preparing the defense." Nor should a defendant be forced to specify the precise details of the defense he is considering simply to obtain material necessary for evaluating the prospects of that defense; to do so would be to condition his access to discovery on a willingness to provide the prosecution with a detailed road map of his case.

"[T]o obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality." *United States v. Zone*, 403 F.3d 1101, 1107 (9th Cir. 2005)

(quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). This "low threshold" is satisfied if the information requested would "help[]" the defendant prepare a defense. *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). Evidence is discoverable under Rule 16 "even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence." *United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009) (internal quotation marks omitted).

## II. The Information Sought Is Clearly Material to "Preparing the Defense" in Dr. Warren's Case.

A core issue in this case has always been whether the placement of emergency supplies in the refuge, including in remote areas not accessible by public road, is a necessary response to a real need. As the Court may recall from the recent trial on the same two charges that Dr. Warren is facing (plus an additional charge not leveled against Dr. Warren), Case No. 17-mj-339, the defense litigated a number of possible defenses in pretrial motions, including selective enforcement, violation of international law, and the Religious Freedom Restoration Act; their Notice of Defenses, filed after the conclusion of all that litigation approximately one month before trial began, included the additional defense of necessity. *See* Exhibit 3. The necessity defense was then asserted at trial, where federal officers gave sworn testimony about the efficacy of the beacons, including Juliette Fernández, who is the U.S. Fish and Wildlife Service Refuge Supervisor for all of Arizona and New

Mexico. In addition, the prosecutors repeatedly invoked the efficacy of rescue beacons to explain why water drops were not necessary.

Of course, a defendant need not show that a defense would be successful to trigger the government's Rule 16 obligations; indeed, that would be a classic Catch-22, wherein the defendant needs the evidence to prove the defense, but he must prove the defense to get the evidence. *Cf. United States v. Dorrell,* 758 F.2d 427 (9th Cir. 1985) (government moved in limine to exclude necessity defense; defendant was required to make an in camera offer of proof, based on which the Court would decide if the evidence was sufficient as a matter of law). Thus, in *Dorrell,* the question of whether the defendant could establish the defense in a legally sufficient manner was decided not in the attempt to procure evidence supporting it, but rather in an assessment of that evidence when offered in support of the claim. The Court articulated the law under which it assessed the proffered evidence: "Asserting the defense requires a showing that the defendant 'act[ed] to prevent "an imminent harm which no available options could similarly prevent."'" In addition, the defendant must establish that he reasonably anticipated the existence of a direct causal relationship between his conduct and the harm to be averted." *Dorrell*, 758 F.2d at 430-31 (internal citations omitted). Both of those requirements could potentially be met here, although the "no available options" requirement will require evidence about the efficacy *vel non* of other possible responses. Hence, information about the actual response to the activation of rescue

beacons is absolutely material to the preparation of the defense. This materiality is confirmed by the fact that the government has already disclosed in this case a document created by FWS in which Sid Slone, the Cabeza Prieta Refuge Manager, argues, albeit with a paucity of evidence to support his argument, that the rescue beacons are a better method for saving more lives than the distribution of water (Bates no. 49).

The rescue beacon data may additionally be material to the RFRA defense, which this Court has ordered may be asserted at trial. Doc. 79 at 3. Specifically, the rescue beacon evidence may bear on whether a prosecution for driving on a restricted road, or for leaving emergency supplies in the refuge, places a "substantial burden" on the defendant's exercise of his religious beliefs. If the defendant's beliefs require him to attempt to help those in dire need and save lives, evidence about the failure of non-prohibited methods of doing that is highly relevant to whether the prosecution substantially burdens his exercise of religion.

Further individuals have submitted FOIA requests to CBP and received no response for many months. Similarly, a publicly available document released by CBP on June 30, 2016 reports national data on rescue beacons, but glaringly omits any data about the activation of beacons anywhere in the Tucson Sector, which includes Cabeza Prieta. Indeed, this is the only sector with beacons that neglected to disclose how often they had been activated, along with the numbers of rescues and deaths. *See* Exhibit 4 at 3. The neighboring Yuma Sector, tellingly, reports

1,161 activations and only two individuals rescued. *Id.* Accordingly, this discovery request is not a shot in the dark; existing information reveals substantial reason to believe that the response may not be what the government claims.

Defendant has clearly established that the information sought, which the government has, is material to the preparation of the defense. It "behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

Finally, should the Government continue to refuse to provide this basic information about its operations in this crucial area, and should this Court refuse to order the obviously material information disclosed, the Government must at the very least be precluded from introducing any evidence or making any argument regarding the use of rescue beacons.

RESPECTFULLY SUBMITTED this 22nd day of January, 2019.

                                              KUYKENDALL & ASSOCIATES

                                              By <u>/s/ Amy P. Knight</u>
                                                             Gregory J. Kuykendall
                                                             Amy P. Knight
                                                             531 S Convent Avenue
                                                             Tucson, AZ 85701
                                                             Attorneys for Defendant Scott Daniel Warren

# CERTIFICATE OF SERVICE

I certify that on January 22nd, 2019, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800

Tucson, AZ 85701