ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
ANNA R. WRIGHT
Assistant U.S. Attorney
NATHANIEL J. WALTERS
Assistant U.S. Attorney
Arizona State Bar No. 029708
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: anna.wright@usdoj.gov
        nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Scott Daniel Warren,<br><br>                    Defendant. | 17-mj-00341-N/A-BPV<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S LETTER REQUESTING TRANSFER OF THIS MATTER TO DISTRICT JUDGE RANER C. COLLINS |

The United States of America, by and through its undersigned attorneys, hereby responds to the defendant's January 17, 2019, letter to District Judge Raner C. Collins requesting not only that he reassign this matter, but that he reassign it to himself.[1] Recognizing that the defendant is not entitled under the relevant statutes to move for reassignment, the defendant chose instead to send a letter imploring District Judge Collins to "order the proceedings conducted before a district judge (yourself) on your own motion" under 18 U.S.C. § 3401(f). For the reasons discussed below, the government respectfully

_____

[1] Counsel for the government received a copy of the letter that same day by email. There is no indication that the defendant served a copy of his letter upon the magistrate judge currently assigned to this case.

1  requests that the matter proceed to trial as scheduled in front of the currently assigned

2  magistrate judge, Bernardo P. Velasco.

3         The defendant justified sending a letter to chambers, rather than filing a motion,

4  because "the nature of [his] request does not fall within the parameters of standard motion

5  practice allowed by the CM/ECF system." This acknowledgement reflects the fact that

6  there is no legal mechanism for a party to select which judge will hear a particular motion.

7  Regardless of the mechanism used to present the defendant's request to the Court, as he

8  acknowledges, the defendant is not entitled to seek relief because he is charged with a petty

9  misdemeanor.  18 U.S.C. § 3401.

10         18 U.S.C. § 3401 sets out the rights and procedures that apply to defendants charged

11  with federal misdemeanors. While § 3401 provides that a magistrate judge may preside

12  over the trial of a defendant charged with a misdemeanor offense, it also provides that a

13  defendant charged with a Class A misdemeanor may opt to proceed in front of a district

14  judge. 18 U.S.C. § 3401(a)-(b). A defendant charged with a petty misdemeanor, including

15  a defendant charged with Class B misdemeanors as is the case here, does not have this

16  option. *Id.* In fact, under the statute, the only method by which a district judge may preside

17  over a petty misdemeanor is on the Court's own motion or on petition by the government.

18  *See* 18 U.S.C. § 3401(f). There is no legal basis on which a defendant charged with a petty

19  misdemeanor may move to have his or her case tried by a district judge. *Id.* As such, the

20  defendant in this case is foreclosed from petitioning the Court to reassign this matter to a

21  district judge. Accordingly, the Court should deny the defendant's request.

22         Even if the defendant could make his request under the governing federal law, there

23  is no basis to reassign this matter to a district judge. Under 18 U.S.C. § 3401(f), a petition

24  by *the government* should "note the novelty, importance, or complexity of the case, or other

25  pertinent factors, and be filed in accordance" with 28 C.F.R. § 52.02.[2] The regulation

26   

27   

28  [2] In this case, there is no "good cause shown" on which the government could move for reassignment to a district judge.  18 U.S.C. § 3401(f).

- 2 -

directs the attorney for the government to consider various factors in evaluating whether a trial should be before a district judge. *See* 28 C.F.R. § 52.02(b)(1). None of the factors listed in 18 U.S.C. § 3401 or 28 C.F.R. § 52.02 weighs in favor of the defendant's request. In particular, this case does not involve issues that are so novel, important or complex that merit reassignment to a district judge. Indeed, Magistrate Judge Velasco just recently presided over a trial that raised issues very similar to the case that defendant now seeks to reassign.

For these reasons, the government respectfully requests that the Court deny the defendant's unusual and unfounded request, and allow the trial to proceed as scheduled in front of Magistrate Judge Velasco.

Respectfully submitted this 24th day of January, 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s/ Anna R. Wright & Nathaniel J. Walters*

ANNA R. WRIGHT &
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 24th day of January, 2019, to:

All ECF Participants