**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 17-00341MJ-001-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Scott Daniel Warren, | |
| Defendant. | |

After a bench trial in May of this year, the Court took this matter under advisement after the presentation of evidence and arguments by the parties.

The Court decided that based upon the crowds in the courtroom, the extent of the press coverage of the case, and the fact that the parties would be before the Court the next month in a felony jury trial that it would be advisable to delay its verdict until the conclusion of the felony trial so that the instant verdict would have no impact on the impaneling of a jury or a jury's possible verdict in the felony case.

After the presentation of evidence to the Court, it was clear that the Government had presented sufficient evidence beyond a reasonable doubt to prove the two charges against the Defendant. That being, Count One: Operating a Motor Vehicle in a Wilderness Area, 50 C.F.R. § 35.5; and Count Two: Abandonment of Property, 50 C.F.R. § 27.93. And, make no mistake about it, the Defendant admitted to doing the very acts that the Government charged him with.

The Defendant also presented a defense based upon the Religious Freedom Restoration Act ("RFRA"), which offers an affirmative defense to defendants accused of violating generally applicable federal criminal statutes. 42 U.S.C. § 2000bb-1(c). To present a successful RFRA defense, a defendant must show that (1) he holds a sincerely held religious belief, (2) the conduct for which he is charged is an exercise of his religion, and (3) his activities are "substantially burdened" by the government. *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1068 (9th Cir. 2008). If a defendant can show these three elements, the burden shifts to the government to demonstrate that its action is "the least restrictive means" to further a "compelling governmental interest." *Id*.

The Court finds that Defendant's religious beliefs function as a successful affirmative defense against Count Two: Abandonment of Property. While the Government has presented sufficient evidence without a reasonable doubt that Defendant committed the offense, the Court will acquit him based upon his Religious Freedom defense.

It is not the place of the Court to weigh the sincerity or the validity of the Defendant's religious beliefs. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 724-25 (2014). Defendant claims his religious beliefs compel him to leave water for individuals crossing the desert – i.e. the Growler Valley, which is located in the Cabeza Prieta National Wildlife Refuge. The Court takes him at his word that he sincerely holds these beliefs and will proceed accordingly. Defendant was obliged to leave water jugs because of his religious beliefs, and the Government's regulation imposes a substantial burden on this exercise of his religion. But enforcing the regulation against abandonment of property is not the least restrictive means to achieve the Government's interest in protecting the pristine state of the wildlife refuge or in securing the border.

However, with regards to Count One: Operating a Motor Vehicle in a Wilderness Area, the Court comes to a different conclusion. The Defendant knew

that he was in a restricted area. He knew because he applied for and received a permit stating that he was prohibited from going into that area and because of the signs he saw while driving to that area. But Defendant's religious beliefs did not compel him to drive his vehicle into the restricted area.

The Court finds that the Government has presented sufficient evidence to overcome the Defendant's RFRA defense for Count One. The Court finds that the Government's actions do not substantially burden the Defendant's religious belief. Defendant's was not forced to enter by vehicle onto restricted land to exercise his religion. Defendant fails to meet his original burden under the RFRA defense, therefore the Government's shifting burden of persuasion need not be addressed. To that end, the conduct of the Defendant with regards to Count One: Operating a Motor Vehicle in a Wilderness Area is against the law and the Court so finds.

Dated this 20th day of November, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge