Gregory J. Kuykendall, Bar # 012508
KUYKENDALL & ASSOCIATES
531 S Convent Avenue
Tucson, AZ 85701
(520) 792-8033
greg@kuykendall-law.com

Amy P. Knight, Bar # 031374
KNIGHT LAW FIRM, LLC
3849 E Broadway Blvd #288
Tucson, AZ 85716
(520) 878-8849
amy@amyknightlaw.com

*Pro Bono* Attorneys for Defendant Scott Daniel Warren

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>vs.<br><br>SCOTT DANIEL WARREN,<br>    Defendant. | No. 17-mj-00341-RCC(JR)<br><br>**SENTENCING MEMORANDUM IN SUPPORT OF SCOTT DANIEL WARREN** |

16 U.S.C. § 668dd(f)(2) provides that violations of the regulations governing the National Wildlife Refuge System—including 50 C.F.R. § 35.5, the charge in Count 1 in this case—may give rise to a fine under title 18, or imprisonment not more than 180 days, or both. Per 18 U.S.C. §3559(a)(7), the offense is a Class B misdemeanor. The maximum fine for a Class B misdemeanor is $5,000 pursuant to 18 U.S.C. § 3571(b)(6). Under 18 U.S.C. § 3561(c)(2), for a misdemeanor, the Court may impose a term of probation not more than five years. 18 U.S.C. § 3562 provides that the court is to consider § 3553(a)

factors (to the extent they are applicable) in determining whether to impose a term of probation and in determining the term and conditions. Dr. Warren requests that the court impose no fine or term of imprisonment or probation; if the Court does order probation, it should be brief and unsupervised.

Pursuant to 18 U.S.C. § 3553(a), this Court should consider:

**The nature and circumstances of the offense**

As this Court recognized the religious nature of Dr. Warren's actions – and found only that his religion did not *require* him to drive on the restricted road in order to deliver life-saving supplies and recover human remains—the Court is aware that Dr. Warren nonetheless viewed these actions as an exercise of religious beliefs. Although the Court has determined that Dr. Warren's decision to use a road in a wilderness area to access the parts of the desert where the highest concentration of bodies has been found violated a fish and wildlife service regulation, there can be no question that Dr. Warren undertook his actions with the laudable goal of preventing death and suffering. Indeed, No More Deaths, the organization with which he was working, was just awarded the ALBA/Puffin Award for Human Rights Activism,[1] which comes with a cash prize of $100,000, as well as the Unitarian Universalist Association's Wilton Peace Prize.[2]

---

[1] https://uuctucson.org/106-no-more-deaths/no-more-deaths/4583-nmd-winds-alba-puffin-award-for-human-rights-activis.html
[2] https://uuctucson.org/106-no-more-deaths/no-more-deaths/1765-nmd-awarded-uua-qwilton-peace-prizeq.html

**The history and characteristics of the defendant**

As court knows, throughout the pendency of this case Dr. Warren was on supervised release from the felony charges the government unsuccessfully brought against him (18-cr-223), with no problems. Indeed, he endured approximately 22 months of what amounted to supervised probation for a crime he did not commit. He is a pillar of the Ajo community and a respected scholar and teacher.

**The purposes of the sentence**

The sentence should "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense." Given the acknowledged prevalence with which others—including the Border Patrol, the Fish and Wildlife Service, and the private citizens to whom they grant special use permits—drive on exactly these same roads, and the fact that at no point in this case have there been any allegations that Dr. Warren caused any harm to anyone or anything, only the most minimal of punishments could be appropriate.

A sentence should also "afford adequate deterrence to criminal conduct." As the events of this case have increasingly made clear, Dr. Warren and his colleagues have no desire to do anything criminal. Rather, they continue to engage in dialogue with the relevant agencies to identify mutually agreeable ways for the volunteers to do their life-saving work. Moreover, as Dr. Warren's actions were an exercise of his religious beliefs,[3] it would be inconsistent with our country's clear commitment to religious freedom to intentionally deter him from acting on them.

---

[3] The Court ruled that "Defendant's religious beliefs did not compel him to drive his vehicle into the restricted area" and that "Defendant[] was not forced to enter by vehicle onto restricted land to exercise his religion." Doc. 146 at 3. Dr. Warren continues to believe that such compulsion or force is not necessary to entitle him to continue to exercise his religion without fear of prosecution. But regardless, the Court did *not* find that his actions were not religious in nature.

3

The statute also directs the Court to consider the need "to protect the public from further crimes of the defendant." There is obviously no need to protect anyone from Dr. Warren. Nor is he in need of "educational or vocational training, medical care, or other correctional treatment."

For these reasons, Dr. Warren requests that the Court impose no fine, imprisonment, or probation.

Respectfully submitted this 21st day of February, 2020

By: /s/ Gregory J. Kuykendall                    /s/ Amy P. Knight

Gregory J. Kuykendall                             Amy P. Knight
531 S Convent Avenue                              3849 E Broadway Blvd #288
Tucson, AZ 85701                                  Tucson, AZ 85716

Attorneys for Defendant Scott Daniel Warren

CERTIFICATE OF SERVICE

I certify that on February 21, 2020, I electronically transmitted a PDF version of this document to the Clerk of Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathaniel J. Walters, Esq. (email: Nathaniel.walters@usdoj.gov)
Anna R. Wright, Esq. (email: anna.wright@usdoj.gov)
United States Attorney's Office
405 W. Congress, Suite 4800
Tucson, AZ 85701